UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:10-cr-0099-JRS-DML |
| | ) | |
| TIMOTHY S. LUTHER, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On December 4, 2019, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on August 2, 2019. [Dkt. 38.] Defendant Luther appeared in person with his appointed counsel Joseph Cleary. The government appeared by Nick Linder, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Chris Dougherty.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Luther of his rights and ensured he had a copy of the Petition. Defendant Luther orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Luther admitted violation no. 2 as set forth in the Petition. [Dkt. 38.] The government orally moved to withdraw the remaining violations, which motion was granted by the Court.

3. The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"The defendant shall pay any restitution that is imposed by this judgement and that remains unpaid at the commencement of supervised release."** |
| | Under docket number 1:98CR-000098, the offender was ordered to pay $501,584 in restitution, and to date has paid $15,970; and on docket number 1:10CC000099, the offender was ordered to pay $22,918 in restitution, and to date has paid $4,343. During the current term of supervised release of almost five years, the offender has paid $10,609, which amounts to approximately $176 per month over 60 months. The offender was required to pay 10% of his gross income toward his restitution debt. His failure to report large amounts of income reduced the amount of restitution he would have been required to pay. |

4. The parties stipulated that:

    (a) The Violation No. 2 is a Grade C violation.

    (b) Defendant's criminal history category is V.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 7 to 13 months' imprisonment.

5. The parties jointly recommended a sentence of eighteen (18) months imprisonment with no supervised release to follow. Defendant requested placement at the nearest appropriate facility to Indianapolis, Indiana.

6. The Court and parties noted that the parties' recommended sentence is above the guideline range. The government explained that Violation No. 3 involves criminal activity which constitutes a Grade B violation, the applicable range of imprisonment for which is 18 to 24 months. The government advised that it possessed sufficient evidence to prove Violation No. 3 by a preponderance of the evidence. Defendant does not dispute that representation. However, because Defendant faces possible prosecution for the conduct articulated in Violation No. 3, Defendant was agreeable to accept a sentence at the low end of the range for a Grade B violation

in order to avoid having to address Violation No. 3 in this proceeding. The Court finds that a sentence above the guideline range for Violation No. 2 is appropriate in these circumstances.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in Violation No. 2 of the Petition, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. This Magistrate Judge further recommends Defendant's placement at the nearest appropriate facility to Indianapolis, Indiana.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 9 DEC 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system